JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-715 AG (RNBx) | Date | May 23, 2012 |
|---|---|---|---|
| Title | DINA ABOUELNASR v. US INVESTIGATIONS SERVICES LLC et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER REMANDING CASE

On February 16, 2012, Plaintiff Dina Abouelnasr ("Plaintiff") filed a complaint in the Superior Court for the County of Orange asserting four state causes of action: failure to pay overtime, unfair business practices, retaliation in violation of the California Labor Code, and common law retaliation and wrongful constructive termination in violation of public policy. The Defendants are Plaintiff's former employer US Investigation Services, LLC ("USIS") and Plaintiff's former USIS Supervisor, Michelle King ("King"). Plaintiff served the Summons and Complaint on USIS on April 4, 2012.

On May 4, 2012, Defendant USIS timely removed the action to this Court on the basis of diversity. *See* U.S.C. §§ 1332(a), 1441(a). Plaintiff is a citizen of California. USIS is a citizen of Delaware and Virginia. King is a citizen of California. USIS claim that King's citizenship should be ignored because she is a "sham" defendant. The Court disagrees.

Removal is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In this Circuit, a non-diverse defendant is deemed a sham defendant if, after all

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-715 AG (RNBx) | Date | May 23, 2012 |
|---|---|---|---|
| Title | DINA ABOUELNASR v. US INVESTIGATIONS SERVICES LLC et al. | | |

disputed questions of fact are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). "The words fraud and sham imply a degree of chicanery or deceit, and a state court plaintiff engaging in a common strategy of pleading broadly does not engage in a fraud or sham." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1160 (C.D. Cal. 2009). Further, "[a] defendant is not a fraudulently joined or sham defendant simply because the facts and law may further develop in a way that convinces the plaintiff to drop that defendant." *Id.* at 1159.

Here, USIS has failed to establish that King is a sham defendant, particularly given the "strong presumption against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 562, 566 (9th Cir. 1992). USIS claims that all of Plaintiff's claims against King fail because they cannot be asserted against an individual, or they are derivative of claims that can not be asserted against an individual. This does not rise to the level of establishing a sham defendant. Also, Defendants have not shown that Plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Burris v. AT&T Wireless, Inc.*, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006).

**DISPOSITION**

The Court REMANDS this action to the Superior Court for the County of Orange.

: 0

Initials of Preparer    lmb